IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

: 

JENNIFER DANDRIDGE

: 

v.                          :   Civil Action No. DKC 14-2333

: 

SELF STORAGE SERVICES, INC.

: 

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion to quash subpoena filed by non-party Todd Deibler.  (ECF No. 7).  The court now rules, no hearing being deemed necessary.  Local Rule 105.6. For the following reasons, the motion to quash will be denied.

**I.  Background**

Plaintiff Jennifer Dandridge brought an employment discrimination case against her former employer, Defendant Self Storage Services, Inc. ("Self Storage") on July 23, 2014.  (ECF No. 1).  On September 7, 2014, a scheduling order was issued and discovery commenced.  (ECF No. 13).  Defendant subpoenaed non-party ViaSat, Inc. ("ViaSat") on September 10, 2014.  (ECF No. 20-1).  Defendant believes that someone known as "IP Address 172-242-227-37" accessed Self Storage computers and databases in order to alter the company's electronic financial information. (ECF No. 23 at 2).  Defendant believes that the unaltered

electronic financial records may constitute evidence of the legitimate business reasons for Plaintiff's termination in the pending case. (*Id*.). Specifically, Defendant requested two categories of documents: "(1) all documents identifying the owner(s) or user(s) of the following IP (Internet protocol) address between July 16, 2014 and the present: 172.242.227.37 (hereafter referred to as "the IP Address"), [and] (2) all documents relating to communications from, to or involving the IP Address between July 16, 2014 and the present." (ECF No. 20-1 at 1).

Upon receipt of the subpoena, ViaSat sent a "Subpoena Notification" to Todd Deibler, Plaintiff's ex-husband, (ECF No. 23 at 3), advising Mr. Deibler that a subpoena had been issued for his subscriber records and that ViaSat intended to comply with the subpoena unless Mr. Deibler took legal action to delay or terminate the process. (ECF No. 20-1 at 3). On September 23, 2014, Mr. Deibler filed the instant motion to quash the subpoena. (ECF No. 20). Defendant opposed the motion on September 26, 2014, arguing that Mr. Deibler's concerns were not applicable to the types of documents being sought. (ECF No. 23). The court held a telephone conference, at which time Mr. Deibler's attorney indicated that he had not read Defendant's opposition to the motion to quash. The parties, however, indicated that they may be able to resolve the dispute on their

2

own.   Following  the  telephone  conference,  a  paperless  order  was
issued,  requiring  the  parties  to  submit  a  joint  status  report  by
October  17,  2014.   (ECF No.  26).   On  October  15,  2014,  Defendant
filed  the  ordered  status  report  without  a  joint  signature  from
Mr.  Deibler's  counsel.   (ECF No.  27).   The  status  report
explains  that  despite  numerous  attempts  to  contact  Mr.  Deibler's
counsel  in  order  to  resolve  the  dispute,  Mr.  Deibler's  counsel
was  non-responsive.   (*Id*.  at  2).   The  status  report  also
indicates  that  Defendant  emailed  Mr.  Deibler's  counsel  with  a
proposal  to  narrow  the  scope  of  the  subpoena.   (*Id*.  at  1-2).
The  proposed  modification  to  the  scope  of  the  subpoena
constricts  the  second  category  of  documents  sought  to  include
"all  documents  relating  to  communications  from,  to  or  involving
the  IP  Address  [Mr.  Deibler's]  and  IP  address  71.178.129.21
[Defendant's]  between  July  16,  2014  and  the  present."   (*Id*.).
To  date,  Mr.  Deibler  has  not  filed  a  reply  brief,  nor  has  he
filed  a  status  report.

## II.  Standard of Review

When  a  nonparty  objects  to  a  Rule  45  subpoena,  it  may  "file
a  motion  to  quash  or  modify  the  subpoena  pursuant  to
Fed.R.Civ.P.  45(c)(3)(A),  seek  a  protective  order  pursuant  to
Fed.R.Civ.P.  26(c),  or  ...  object  to  production  of  documents  by
opposing  a  motion  to  compel  under  Fed.R.Civ.P.  45(c)(2)(B)."
*United  States  v.  Star  Scientific,  Inc.*,  205  F.Supp.2d  482,  484

(D.Md. 2002) (citations omitted).  A subpoena must be quashed or modified when it (1) does not allow a reasonable time to respond; (2) requires a nonparty to travel more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person; (3) requires disclosure of privileged matters; or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A).  A subpoena may be quashed or modified in certain other limited circumstances, including where the subpoena requires the disclosure of confidential commercial information or the opinions of unretained experts. Fed.R.Civ.P. 45(c)(3)(B).

## III. Analysis

Defendant's original subpoena requested two categories of documents.  First, it asked for all documents identifying the owner(s) or user(s) of IP Address 172.242.227.37.  (ECF No. 20-1).  Second, it asked for all documents relating to communications from, to or involving the IP Address 172.242.227.37 between July 16, 2014 and the present.  (*Id.*). In his motion to quash the subpoena, Mr. Deibler argues that production of the requested documents would create an undue burden, infringe on his attorney-client privilege, and expose his private financial information.  (ECF No. 20).

### A.  Undue Hardship

Defendant counters that the subpoena was issued to ViaSat, and not to Mr. Deibler; thus, Mr. Deibler faces no burden in complying with the subpoena. (ECF No. 23 at 4). The undue burden contemplated by Rule 45 is one placed on the direct recipient of the subpoena, ViaStat in this case, not on indirect third parties such as Mr. Deibler. *See CineTel Films, Inc. v. Does 1-1,052*, 853 F.Supp.2d 545, 556-57 (D.Md. 2012); *see also Third Degree Films, Inc. v. Does 1-108*, No. 11-3007, 2012 WL 669055, *3 (D.Md. Feb. 28, 2010) ("[The] argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require [the Doe Defendants] to produce any information or otherwise respond.") (*quoting Third Degree Films, Inc. v. Does 1-118*, No. 11-cv-03006-AW, 2011 WL 6837774, at *3 (D.Md. Dec. 28, 2011)); *Call of the Wild Movie v. Smith*, 274 F.R.D. 334, 338 (D.D.C. 2011) ("The plaintiff has issued subpoenas to the putative defendants' ISPs, not to the putative defendants themselves. Consequently, the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship.").

Moreover, Mr. Deibler seems to be operating under the erroneous belief that he would have to forfeit his laptop

computer and hard-drive in order to comply with the subpoena. (*See* ECF No. 20 at 2).   In fact, Defendant is simply seeking pre-existing records from ViaSat, and Mr. Deibler does not have to take any action, forfeit any property, or expend any of his time.   ViaSat must produce the documents.   Mr. Deibler owes no duty to respond because the subpoena is not directed to him. Therefore, there is no burden, undue or otherwise, placed upon Mr. Deibler by the subpoena.

### B.   Privileged and Private Information

Defendant also maintains that despite Mr. Deibler's argument to the contrary, no privileged or other personal information will be revealed by ViaSat's compliance with the subpoena.   (ECF No. 23 at 3).   Given the language of the original subpoena, Mr. Deibler's claim that privileged information was being compelled may have been viable. Requesting "all documents relating to communications from, to or involving the IP Address 172.242.227.37 between July 16, 2014 and the present" covers everything that was sent or received from Mr. Deibler's computer.   This may have cast an overbroad net that could include, for example, emails sent from Mr. Deibler's computer to his attorney's computer, which contain conversations that may be protected by the attorney-client privilege.

Defendant's status report specifically suggests narrowing the scope of the second classification of documents to cover only communication from, to or involving IP Address 172.242.227.37[1] and Defendant Self Storage's IP Address 71.178.129.21. By limiting the documents requested to those addressing communications between Mr. Deibler's IP Address and Defendant's IP address, Defendant ensures that the only content retrieved will be communications between Mr. Deibler's computer and Defendant's servers. This would make it impossible for Defendant to gain access to any communications between Mr. Deibler and his attorney. Similarly, Mr. Deibler's financial information is presumably stored on his computer hard-drive, which Defendant will not be able to access. The only discoverable information will be communications between Mr. Deibler's IP Address and Defendant's IP Address. Communications to any other parties, and any saved or stored computer data, are excluded.

Any possible concerns regarding access to privileged conversations are certainly quelled by Defendant's decision to narrow the scope of the subpoena, as described in its status report. (ECF No. 27). Defendant's modified subpoena of ViaSat will not result in Defendant gaining access to Mr. Deibler's

---

[1] Based on the information provided in Mr. Deibler's motion to quash the subpoena, presumably this is Mr. Deibler's IP Address. (*See* ECF No. 20-1 at 3).

privileged conversations, viewing private financial information, or creating an undue hardship.   The motion to quash will be denied.   The subpoena is narrowed to seek only: (1) all documents identifying the owner(s) or user(s) of IP Address 172.242.227.37 between July 16, 2014 and the present; and (2) all documents relating to communications from, to or involving the IP Address 172.242.227.37 and the IP Address 71.178.129.21 between July 16, 2014 and the present.

**IV.   Conclusion**

For the foregoing reasons, the motion to quash will be denied.   A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge