IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER DANDRIDGE** | * | |
| | * | |
| | * | |
| v. | * | Civil Action No.  JKS 14-2333 |
| | * | |
| **SELF STORAGE SERVICES, INC.,** | * | |
| | * | |

**MEMORANDUM OPINION**

Presently pending is Plaintiff's Motion for Reconsideration of this Court's Order of May 7, 2015.  ECF No. 49.  The motion has been fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Plaintiff's motion will be denied.

The court's May 7 Order granted Defendant's motion for summary judgment as to Plaintiff's racial discrimination claim (Count I) and dismissed Plaintiff's retaliation claims (Counts II and III), fraud claim (Count IV), and breach of contract claim (Count V).  ECF No. 48.  Plaintiff seeks reconsideration of that Order only with respect to her retaliation claim under 42 U.S.C. § 1981 (Count II).

A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is granted only in limited circumstances.  *Microbix Biosystems, Inc. v. BioWhittaker, Inc.*, 184 F. Supp. 2d 434, 436 (D. Md. 2000).  Such a motion is appropriate in one of three scenarios:

> (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.

*Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 467-68 (D. Md. 2002).  "[A] motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Insurance Co. of America v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001) (citing *RGI, Inc. v.*

*Unified Indus., Inc.*, 963 F. 2d 658 (4th Cir. 1992). In addition, Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

"Rule 60(b) is reserved for special limited circumstances where equity requires reconsideration," *Medlock*, 336 F. Supp. 2d at 467, and "[t]he moving party faces a substantial burden in connection with a motion for reconsideration of an Order of this Court." *F.D.I.C. v. Heidrick*, 812 F. Supp. 586, 588 (D. Md. 1991).

To maintain an action for retaliation, a plaintiff must show "(1) that [she] engaged in a protected activity; (2) that the employer took adverse employment action; and (3) that a causal connection existed between the protected activity and the adverse action." *Middleton v. Frito–Lay, Inc.*, 68 F. Supp. 2d 665, 671-72 (D. Md. 1999). A plaintiff must also show that the retaliation produced an injury or harm. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

The adverse employment action alleged here occurred when Defendant filed a wrongful detainer action, rather than a holding over action, to remove Plaintiff from her apartment. Plaintiff asserts that a jury could conclude that Defendant's action was both materially adverse and retaliatory because it was done to prevent Plaintiff from filing a counterclaim or recovering attorney's fees if she prevailed.

To be materially adverse, the conduct must be such that, as stated in *Burlington*, 548 U.S.

53, 68 (2006), it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." The court is at a loss to see how a reasonable worker would be dissuaded from making a charge of discrimination as a result of Defendant's conduct. Plaintiff's employment agreement allowed her to live in the apartment during the term of her employment. Plaintiff remained in the apartment after she was terminated (an action not challenged in this motion to reconsider). Defendant then sought to remove Plaintiff from the property. Plaintiff does not dispute that Defendant had a legal right to remove her from the property. Rather, she contends that Defendant intentionally filed an incorrect removal action to obtain unwarranted tactical advantages, or, as Plaintiff puts it, "to vex and harass Plaintiff." ECF No. 49-1 at 10.

To be sure, "a lawsuit filed by an employer against an employee can constitute an act of unlawful retaliation under another federal statute governing employment rights," but only "when the lawsuit is filed with a retaliatory motive and lack[s] a reasonable basis in fact or law." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 341 (4th Cir. 2008). Here, even assuming Defendant had a retaliatory motive, Defendant did not lack a factual or legal basis for its action.[1] *See Glynn v. Impact Sci. & Tech., Inc.*, 807 F. Supp. 2d 391, 420 (D. Md. 2011) (concluding that plaintiff's retaliation claim was insufficient because defendant presented evidence that plaintiff stole defendant's property, thus, defendant's decision to file counterclaims against plaintiff to recover

---

[1] A "Holding over" action, *see* MD. CODE ANN., REAL PROP. (RP) § 8-402 (1974, 2010 Repl. Vol.), and a "Wrongful detainer" action, *see* RP § 8-402.4, are closely related. *Eubanks v. First Mount Vernon Indus. Loan Ass'n, Inc.*, 125 Md. App. 642, 670 (1999) ("The procedure to oust a wrongful possessor has an analogous application in cases of forcible detainer and in cases of tenants holding over beyond the expiration of a lease.").
    A holding over action establishes the liability of a tenant "who shall unlawfully hold over beyond the expiration of the lease or termination of the tenancy." RP § 8-402(a); *Eubanks*, 125 Md. App. at 658. While this section "primarily applies to an action by a landlord against a tenant" pursuant to a "lease agreement," it is also apparent that "RP § 8-402 deals with something broader than contractual rent and tenancies." *Eubanks*, 125 Md. App. at 659, 669.
    A wrongful detainer action is an action to remove a person who holds possession of the property of another without legal right. RP § 8-402.4. Wrongful detainer does not apply to cases of leasehold tenants holding over or failing to pay rent, it "encompass[es] a broader set of litigants including mortgagee/mortgagor and even possessor/trespasser." *Eubanks*, 125 Md. App. at 668.
    Here, Defendant provided an apartment to Plaintiff as part of her employment contract. The parties never executed a lease agreement nor did Plaintiff ever pay rent. Under these circumstances, it is not abundantly clear whether a holding over action or a wrongful detainer action is the appropriate action. Assuming that the holding over action is the correct legal remedy in this case, Defendant nonetheless had "a reasonable basis in fact or law" to file a wrongful detainer action.

its property had a reasonable basis in fact or law); *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1123 (10th Cir. 2007) (holding that the district court correctly granted summary judgment on plaintiff's retaliation claim because "the potential diversion and withdrawal of U.S. Bank's funds" provided a legitimate factual basis "for the employer to file counterclaims against that employee in an attempt to retrieve what was alleged . . . to have been taken").

Alternatively, the conduct alleged here would not dissuade a reasonable worker from making a charge of discrimination. In *Alexander v. Marriott Int'l, Inc.*, RWT 9-2402, 2011 WL 1231029 (D. Md. Mar. 29, 2011), an employee was required to work at the office instead of working from home, issued written warnings for tardiness, and excluded from meetings, but the court concluded that she did not articulate a harm that would dissuade a reasonable worker from making a charge of discrimination. "In requiring Alexander to work from the office, Marriott was merely enforcing generally applicable employment policies, the enforcement of which cannot support a retaliation claim." *Id.* at *22-23. As for the tardiness, Alexander never claimed that "she was not *actually* tardy on the dates she received warnings." Finally, "[m]ere exclusion from meetings—absent any tangible, corresponding injury—is not conduct that would dissuade a reasonable worker from making or pursuing a charge of discrimination." *Id.* at *23-24. Similarly, here, Defendant had an actual and uncontested right to remove Plaintiff from the apartment. The use of an incorrect procedural vehicle, absent any corresponding injury, would not dissuade a reasonable employee from pursuing a discrimination charge.

Finally, Plaintiff does not claim that this action actually removed her from the apartment.[2] Thus, she does not specify any tangible, non-speculative injury, and her retaliation claim fails to contain allegations of an adverse employment action. Plaintiff argues that the Amended Complaint asks for compensatory damages, and that she could have shown that she

---

[2] The Charles County District Court dismissed Defendant's unlawful detainer action on September 4, 2014. ECF No. 24-1 at 6.

suffered emotional distress as a result of Defendant's conduct. However, a retaliation claim which presents no materially adverse employment action does not survive merely because the employee suffered emotional harm. Only when the employer commits a violation can the employee recover for resulting emotional harm.[3]

Finally, Plaintiff notes that Defendant failed to serve her with a 30-day notice to quit. Again, however, noncompliance with a procedural requirement does not alter Defendant's substantive legal right to repossess the property. The fact that an employer commits procedural errors in pursuing a legitimate claim against an employee does not constitute unlawful retaliation. Plaintiff's motion for reconsideration is denied.

Date: June 25, 2015 /S/
Jillyn K. Schulze
United States Magistrate Judge

---

[3] Plaintiff also takes issue with the court's reliance on *Deal v. Newport Datsun Ltd.*, 706 F.2d 141 (4th Cir. 1983) to support its conclusion that Plaintiff failed to show harm. In *Deal*, the plaintiffs refused to move on the basis that the defendant landlord's refusal to renew their lease was retaliatory. When the landlord filed an unlawful detainer proceeding, the tenants filed a federal civil rights action seeking to enjoin prosecution of the unlawful detainer proceeding. *Id.* at 142. The court rejected the retaliation claim, concluding that the plaintiffs had "been deprived of nothing" because "[t]he commencement of the proceeding without interference with the tenants' possession of their property or their right of possession of the leasehold . . . infringed no right of theirs." *Id. Deal* is analogous to the facts of this case because, here, too, Plaintiff never alleged that Defendant's conduct actually deprived her of possession of the property. Plaintiff claims that *Deal* is distinguishable because it involved a § 1983 claim and not a § 1981 claim, it involved a Defendant who did not *intentionally* proceed with an unlawful detainer action, and it was decided in 1983 and thus should not be as persuasive as more recent cases. ECF No. 49-1 at 12. Plaintiff fails to explain how any of these distinctions is meaningful to the outcome of this case, let alone demonstrate how the court's reliance on *Deal* constitutes clear error.